IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAVAIREE REED, )<br>)<br>      Plaintiff )<br>)<br> -vs- )<br>)<br>ILLINOIS DEPARTMENT OF CORRECTIONS; )<br>KENDRICK SPRINGER; EFREN TRUJILLO; and )<br>MICHAEL EVANS, )<br>)<br>      Defendants ) | Case No.  1:17-cv-05560<br><br>Hon. Judge Feinerman<br><br>Magistrate Judge Cole |

### MOTION TO COMPEL, TO EXTEND DISCOVERY
### CLOSURE DEADLINE, AND FOR SANCTIONS

Plaintiff, Javairee Reed, by and through counsel, pursuant to Fed.R.Civ.P 37(a) and (b), moves this Honorable Court for an Order compelling the depositions of Defendant Kendrick Springer, to extend the discovery closure deadline, and for sanctions. In support thereof Plaintiff states as follows:

1.    On or about August 19, 2019 this Court entered an Order requiring that all discovery be completed by October 18, 2019.  The Order stated that this was a final extension and that discovery scheduled before the discovery closure date but not completed does not comply with the Order.  (Dkt. No. 85)

2.    On or about September 18, 2019, the parties appeared before Magistrate Judge Cole and reported on the status of discovery.  The parties reported that Defendant Kendrick Springer's deposition was scheduled for September 25, 2019, and the Court thereafter entered as Order providing that "Officer Springer is to be deposed on 9/25/2019 . . . at Statesville Correctional Center.  (Dkt. No. 87).

3.     That afternoon, counsel for Officer Springer e-mailed Plaintiff's counsel to advise that Officer Springer was no longer available on September 25, 2019, and explained that IDOC has approved for him to be on vacation from September 25th through October 15th.  A true and accurate copy of this e-mail is attached hereto as Exhibit A.

4.     In a response to the e-mail, Plaintiff's counsel offered to depose Officer Springer on October 16th, 17th, or 18th so that the deposition could be completed by the Court's October 18, 2019 discovery closure date.  A true and accurate copy of this response is included with Exhibit A.

5.     On September 25, 2019 Defendants' counsel e-mailed Plaintiff's counsel to advise that Officer Springer would not be made available for his deposition until October 21st or October 23rd, which is beyond the October 18, 2019 discovery closure date and in violation of the Court's orders of August 19th and September 18th.  A true and accurate copy of this e-mail is attached hereto as Exhibit B.

6.     As set forth in Plaintiff's Motion to Compel filed on August 14, 2019, (Dkt. No. 80) and herein, Plaintiff has acted with due diligence and put forth considerable effort to obtain oral discovery from the Defendants within the deadlines set by the Court, but through no fault of his own has been thwarted by Defendants.

7.     Moreover, on October 4, 2019 Plaintiff's counsel deposed three Illinois Department of Corrections ("IDOC") officials pursuant to Fed.R.Civ.P. 30(b)(6).  At multiple times during these depositions, Defendant's counsel instructed these witnesses not to answer counsel's questions in violation of Fed.R.Civ.P 30(b)(2), and the witnesses refused to so answer.

8. Defendants' counsel refused to call the magistrate during the depositions, stating that she instead preferred to file a written brief. Plaintiff's counsel could not call the magistrate because he was not permitted to bring his phone into the deposition by Stateville security staff.

9. Furthermore, certain deposition testimony revealed the existence of documents previously requested by Plaintiff that have not been produced.

10. Plaintiff's counsel has ordered the deposition transcripts and intends to bring a motion to compel these deponents to answer the questions they refused to answer in accordance with the instructions from their counsel, in addition to seeking sanctions and other relief. Because of the time involved in obtaining and reviewing the transcripts, attempting in good to faith to confer with Defendants to resolve these issues, and drafting the motion, these discovery issues cannot be resolved by October 18, 2019 and additional time is needed.

11. Plaintiff's counsel certifies that he has conferred in good faith with Defense counsel to obtain Officer Springer's deposition testimony before the October 18, 2019 discovery closure date, as evidenced by the exchange of e-mails attached hereto. Plaintiff's counsel also attempted to secure Defendants' agreement on an extension of the discovery closure date, but Defendants' counsel would only agree to extend discovery to obtain Officer Springer's deposition, but would not agree to extend discovery to resolve the issues created by her instructing the Rule 30(b)(6) witnesses not to answer many of counsel's questions. A true and accurate copy of this e-mail exchange is attached hereto as Exhibit C.

12. Plaintiff seeks sanction pursuant to Fed.R.Civ.P. 37(a)(5) and 37(b) for Springer's failure to comply with the order that his deposition proceed on September 25, 2019 and his failure to appear for his deposition before the discovery closure date, which necessitated this motion.

13.     Plaintiff has acted diligently in conducting discovery in this matter, and is being unfairly prejudiced by Defendants' obstructive behavior and needless delay.

WHEREFORE, Plaintiff, Javariee Reed, respectfully prays that this Honorable Court enter an Order:

A.  Compelling Defendant Kendall Springer to appear for his deposition on October 21, 2019 or that his Answer to Plaintiff's First Amended Complaint be stricken and he be held in default;

B.  Requiring that Officer Springer's deposition either occur outside of the Stateville facility or that Plaintiff's counsel be permitted to bring his telephone into the deposition;

C.  Striking the discovery closure date of October 18, 2019;

D.  Awarding Plaintiff attorneys' fees of $1,125.00 consisting of 3 hours of work preparing and presenting this motion at counsel's standard hourly rate of $375.00;

E.  Granting Plaintiff whatever other relief the Court deems to be fair and just.

Respectfully submitted,

JAVARIEE REED

By:   /s/ David L. LaPorte
David L. LaPorte, his attorney

David L. LaPorte
Law Office of David L. LaPorte, P.C.
P.O. Box 400
Flossmoor, IL  60422
(312) 339-8555
dlaportelaw@gmail.com
ARDC No. 6237509