**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAVAIREE REED, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 5560 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ILLINOIS DEPT. OF CORRECTIONS; et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

On October 9, Plaintiff's counsel filed a motion to compel a deposition, extend the discovery deadline, and for sanctions. A week later, at 7:00 a.m. on October 15, the defendant's counsel filed a "Response," fully aware that this simple and straightforward matter was to be presented this morning at 8:30 a.m. Invoking the Local Rules, counsel for defendants said that she did not serve a courtesy copy because under the rules she had 24 hours to do so – even though it would have been simplicity itself for her to have brought a copy with her and even though the motion was to be heard this morning. Finally, the 5-page "Response" was delivered late this afternoon at 4:00 p.m. It did not cite a single case. And it cited Rule 37 to support the argument with which no one disagrees that good faith attempts should be at least attempted before court action can be sought. [Dkt. #90 at 5]. The motion contains a rather one-side explanation of what has occurred in this case. To say that counsel for the defendants is an innocent in all that has happened distorts the record. The courtesy copy served on my courtroom deputy late this afternoon contained Exhibits lettered A through G,

but with no protruding tabs, in violation of Local Rule 5.2.

The defense counsel's insistence this morning on the letter of the Local Rules (regarding the time for service of a courtesy copy) in this regard seems odd since none of the multiple exhibits were separated by protruding tabs as the Local Rule requires. Unfortunately, the responses of the defendant's counsel at the argument were as unpersuasive as was the written presentation, and, in the end, were unsupported by meaning authority and arguments. For the reasons set forth below, the plaintiff's motion [Dkt. # 88] is granted.

**A.**

On September 18, 2019, one month before discovery was set to close, the court ordered that the deposition of defendant Correctional Officer Springer be deposed at Stateville Correctional Center, as the defendants had insisted. It was reset for September 25, 2019. [Dkt. # 87]. The prologue to this was Byzantine, given the schedules of the correctional officers, and the lawyers, and the defendants' insistence that depositions occur only at the Stateville Correctional Center. It should be pointed out that this case was filed in July of 2017, over two years ago, and the scheduling of depositions of defendants was only crystallized *two years later*. There is perhaps no other walk of life where that level of procrastination and resistance would be thought unremarkable. In any event, finally, it was agreed that Officer Springer's deposition would be held on the 25th *at the correctional facility* – the location insisted on by the defendants and their counsel. That insistence was improper and, as we shall see, contravened the Federal Rules of Civil Procedure.

Just a few hours after the lengthy discovery status hearing on September 18th, at which defendants' counsel agreed on the date for the deposition, defendants' counsel emailed plaintiff's counsel to tell him that Springer would be on vacation from September 25th through October 15th,

and therefore, could not be deposed as agreed hours earlier. Presumably he would be traveling, but defendants' counsel did not say so. [Dkt. # 88-1]. She offered plaintiff's counsel September 23rd as an alternate date, but plaintiffs' counsel had already indicated earlier in this tortured scheduling process he was not available that day. And, so the two attorneys went back and forth again via email. Plaintiff's counsel asked for October 16, 17, or 18 – again, the close of discovery was the October 18th – but, for unknown reasons, those dates were not good for defendants. [Dkt. # 88-1]. A week later, on September 25th, plaintiff's counsel suggested October 21st or 23rd – dates after the close of discovery. Two more weeks went by, and plaintiff's counsel emailed defendants' counsel to say he was available for Springer's deposition on October 21st. Plaintiff's counsel confirmed. [Dkt. # 88-2].

First things first. There is absolutely no excuse for the defendants to have gone through a status hearing, at the taxpayers' expense, to schedule Springer's deposition, only to violate the court Order setting that deposition just hours later. They either participated in that hearing in bad faith – which, not surprisingly, defense counsel stubbornly denies – or scheduled the vacation thereafter in bad faith, which is also denied. *See Rice v. City of Chicago*, 333 F.3d 780, 785 (7th Cir. 2003)(collecting cases defining "fault" as "objectively unreasonable behavior" and "bad faith" as "reckless disregard of a party's obligations to comply with a court order").[1]

Officer Springer is ordered – again – to appear for his deposition on October 21st. And to appear not at Stateville but at the location specified in the Notice of Deposition. If he fails to do so, it will be recommended that a default judgment be entered against him. *See, e.g., Mojapelo v. Nat'l R.R. Passenger Corp.*, 748 F. App'x 68, 71 (7th Cir. 2019)(judgment against a party "may be

---

[1] Defendants mysteriously claim Springer complied with the court's order to sit for his deposition on September 25th "by agreeing to sit for his deposition on September 9, 2019." [Dkt. #90, Par. 21].

appropriate after a party makes more than just one discovery error and gives no reasonable explanation . . . ."); *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015)(court may impose harshest sanction after parties' [willful[]] refus[al] to comply with discovery orders and the [party] has been warned that noncompliance may lead to [default judgment]."). Moreover, the location of that deposition shall be of the *plaintiff's* choosing – *not the defendants'* – even though the latter obdurately continue to insist that the deposition be held at the correctional facility. That is not, however, what the Federal Rules provide for.

The Federal Rules of Civil Procedure provide that as long as the deposition of a party occurs in the district where the case is filed, it is the plaintiff's choice where it occurs. 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2112 (2010); *Gonzalez v. Scaletta*, 2018 WL 6573227, at *5 (N.D. Ill. 2018); *DeGeer v. Gillis*, 2010 WL 3732132, at *1 (N.D. Ill. 2010).

In addition, Plaintiff's counsel tells us that he is not allowed to take his phone with him to the depositions at the correctional facility, and at prior depositions, counsel would (or could) not call my chambers, *as I had instructed counsel to do if conflict and issues arose*. [Dkt. ##70, 88, ¶. 8]. Seemingly free of immediate judicial oversight, defendants' counsel not surprisingly instructed her witnesses not to answer certain questions and indicated she would file a brief. [Dkt. #88, ¶. 8; Dkt. #90, ¶¶ 10,11]. But, no brief was filed until 7:00 a.m. this morning, and then only in response to the plaintiff's motion. And, it bears repeating, the brief was five pages long and cited no case or Federal Rules of Civil Procedure. The unsupported and feckless claim of the defendants' lawyer reiterated this morning that she had the right to instruct a deponent not to answer questions – even though no claim of privilege was involved – is flatly wrong. Not surprisingly, the lawyer for the defendants was unable to call the court's attention to a single case supporting the notion that she fecklessly sought

4

to advance, namely that she could instruct a deponent not to answer a question – even though no claim of privilege was involved.² That she had done so in this case was intentionally obstructionistic. As Judge Easterbrook, speaking for a unanimous panel, made clear in *Redwood v. Dobson* 476 F.3d 462, 467-468 (7th Cir. 2007):

> Webber gave no reason beyond his declaration that the questions were designed to harass rather than obtain information-which may well have been their point, but Fed.R.Civ.P. 30(d) specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order, see Rule 30(d)(4), *but must not instruct the witness to remain silent*. "Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. *A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."* Fed.R.Civ.P. 30(d)(1). Webber violated this rule repeatedly by telling Gerstein not to answer yet never presenting a motion for a protective order.

Now, as a result of defendants' lawyer's conduct, there has to be an extension of the discovery deadline, which has already been extended twice by 120 days. [Dkt. ##73, 85]. Plaintiff asks that the date simply be stricken [Dkt. #88, ¶. 13 C], but since the parties have not even been able to complete simple discovery with hard dates in the past, open-ended discovery would be ill-advised and inconsistent with the courts' oft-repeated observation that unregulated discovery is the bane of modern federal litigation. *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). Accordingly, all discovery shall be completed by December 15, which is long after Officer Kendall's deposition. There will be no further extensions.

Finally, the plaintiff asks that the defendants be ordered to pay the costs of $1,125 incurred in bringing this motion. As the Seventh Circuit has emphasized:

> "'[t]he great operative principle of Rule 37 is that the loser pays.' ... Fee shifting

---

² When pressed by the court, the defendants' lawyer at the argument this morning apparently attempted to do legal research on her phone to find such a case. Not surprisingly, she could not.

when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims."

*Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994)(quoting Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970)). *See also, Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put upon adversaries...."); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'"); *Uccardi v. Lazer Spot, Inc.*, 390 F. Supp. 3d 911, 915–16 (N.D. Ill. 2019).

Given the conduct manifested by the defendants and their lawyer in this case, plaintiff's motion is granted and the defendants are ordered to pay attorneys fees in the amount of $1,125 within 7 days of this Order.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/15/19